UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD M. BLACKWELL AND<br>BENNY GIBSON,<br>    Plaintiffs | } } } } | Civil Action No. |
| vs. | } } | |
| THE UNITED STATES OF AMERICA,<br>    Defendant | } } | September 27, 2022 |

## PLAINTIFF'S COMPLAINT FOR DAMAGES PURSUANT TO THE FEDERAL TORT CLAIMS ACT

**FIRST COUNT: (RICHARD M. BLACKWELL VS. UNITED STATES OF AMERICA)**

1. Plaintiff, Richard M. Blackwell, is a citizen of Connecticut, residing at 1700 Broad Bridge, Unit A27, in Stratford, Connecticut.

2. Defendant, United States of America, is duly constituted and sovereign government of the United States of America.

3. At all times material to this complaint, defendant, United States of America, controlled, employed, and retained Carlos Vazquez as United States of America Federal Bureau of Investigation's joint venture, agent, servant, employee and/or ostensible agent.

4. At all times material to this complaint, defendant, United States of America, controlled, employed, and retained Carlos Vazquez as the United States of America Federal Bureau of Investigation's joint venture, agent, servant, employee and/or ostensible agent.

5. Carlos Vazquez at all times material to this complaint acted within the course and scope of his office and employment with defendant, United States of America.

6. This court has jurisdiction pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b)(1), for the reason that the plaintiff's claims accrued after January 1, 1945, and are for money damages for personal injury and loss of property that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the scope of their office and employment.

7. Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) for the reason that a substantial part of the events or omissions giving rise to plaintiff's claim occurred within the judicial district and the plaintiff resides in this judicial district.

8. Carlos Vazquez, at all times relevant to this complaint, operated an undercover United States of America Federal Bureau of Investigation vehicle.

9. On August 20, 2020, at approximately 4:18 p.m., the plaintiff, Richard M. Blackwell, was the owner and operator of a motor vehicle traveling north on Anson Street, a public street or highway in Bridgeport, Connecticut.

10. At the same time and place, Carlos Vazquez was the operator of an undercover United States of America Federal Bureau of Investigation vehicle that was parked on Anson Street.

11. At the same time and place, the motor vehicle operated by Carlos Vazquez, suddenly and without warning, entered the roadway and collided with the motor vehicle operated by the plaintiff, Richard M. Blackwell, thereby causing him to suffer the injuries and losses set forth below.

12. The aforementioned collision was caused by the negligence and carelessness of the defendant, United States of America, in one or more of the following ways:

　　a. in that Carlos Vazquez was inattentive and failed to keep a proper lookout for other vehicles on the road;

　　b. in that Carlos Vazquez failed to turn or swerve so as to avoid the collision;

　　c. in that Carlos Vazquez failed to apply the brakes in time to avoid the collision;

　　d. in that Carlos Vazquez failed to sound the horn or give a timely warning of the impending collision;

　　e. in that Carlos Vazquez failed to keep the vehicle under proper control;

　　f. in that Carlos Vazquez was inattentive in the operation of the vehicle;

　　g. in that Carlos Vazquez failed to follow written policies and procedures when operating an emergency vehicle;

　　h. in that Carlos Vazquez failed to drive an emergency vehicle with due regard for the safety oof all persons and property when operating an emergency vehicle, in violation of § 14-283(d) of the Connecticut General Statutes;

　　i. in that Carlos Vazquez operated the vehicle at a rate of speed greater than was reasonable, having due regard to the width, traffic, and use of the highway, road, the intersection of streets and/or weather conditions, in violation of §14-218a of the Connecticut General Statutes;

　　j. in that Carlos Vazquez operated a vehicle so as to obstruct or impede traffic, in violation of § 14-240(b) of the Connecticut General Statutes; and/or

        k. in that Carlos Vazquez moved the vehicle from a stopped position when it was unsafe to do so, in violation of § 14-243(a) of the Connecticut General Statutes.

13. As a direct result of the collision and carelessness and negligence of the defendant, United States of America, the plaintiff, Richard M. Blackwell, suffered the following serious and painful injuries, some or all of which may be permanent in nature:

        a. right shoulder impingement, including a supraspinatus tear of his right shoulder;

        b. right shoulder pain;

        c. lumbar sprain/strain, including muscle spasms of his lumbar region;

        d. low back pain;

        e. left knee injury, including a medial meniscus radial tear of his knee and small left knee effusion;

        f. left knee pain; and

        g. pain and suffering, both mental and physical.

14. As a result of the collision, the plaintiff, Richard M. Blackwell, was forced to incur expenses for medical care and treatment and will likely incur additional expenses in the future.

15. As a result of the collision, the plaintiff, Richard M. Blackwell, was unable and remains unable to participate in and enjoy his usual activities.

16. Defendant, United States of America, is liable for personal injury caused by the negligent or wrongful acts and omissions of Carlos Vazquez, as deemed employee of the federal government while acting within the scope of their office or employment pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., to the

extent the Federal Tort Claims Act constitutes a waiver by the defendant United States of America of the federal government's immunity from liability in tort.

17. Plaintiff timely filed in good faith a Standard Form 95 with the Tort Claims. Special Agent Fred Reeder, Federal Bureau of Investigation, 600 State Street, New Haven, Connecticut, setting forth administrative tort claims directed at defendant, United States of America, with required attachments. Plaintiff's Standard Form 95, with exhibits, is attached to this complaint as Exhibit A and incorporated by reference.

18. As of this date, which is in excess of six months past the filing of said claim, there has been no action taken by the defendant, United States of America.

19. Plaintiff's action against defendant, United States of America, has been timely filed in the United States District Court, District of Connecticut.

**SECOND COUNT: (BENNY GIBSON VS. UNITED STATES OF AMERICA)**

1. Plaintiff, Benny Gibson, is a citizen of Connecticut, residing at 106 Poplar Street, in Bridgeport, Connecticut.

2. Defendant, United States of America, is duly constituted and sovereign government of the United States of America.

3. At all times material to this complaint, defendant, United States of America, controlled, employed, and retained Carlos Vazquez as United States of America Federal Bureau of Investigation's joint venture, agent, servant, employee and/or ostensible agent.

4. At all times material to this complaint, defendant, United States of America, controlled, employed, and retained Carlos Vazquez as the United States of America

Federal Bureau of Investigation's joint venture, agent, servant, employee and/or ostensible agent.

5.  Carlos Vazquez at all times material to this complaint acted within the course and scope of his office and employment with defendant, United States of America.

6.  This court has jurisdiction pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b)(1), for the reason that the plaintiff's claims accrued after January 1, 1945 and are for money damages for personal injury and loss of property that were proximately caused by the negligent and wrongful acts and omissions of employees of the federal government while acting within the scope of their office and employment.

7.  Venue is proper in this court pursuant to 28 U.S.C. § 1391(e) for the reason that a substantial part of the events or omissions giving rise to plaintiff's claim occurred within the judicial district and the plaintiff resides in this judicial district.

8.  Carlos Vazquez, at all times relevant to this complaint, operated an undercover United States of America Federal Bureau of Investigation vehicle.

9.  On August 20, 2020, at approximately 4:18 p.m., the plaintiff, Benny Gibson, was a passenger in a motor vehicle owned and operated by Richard M. Blackwell traveling north on Anson Street, a public street or highway in Bridgeport, Connecticut.

10.  At the same time and place, Carlos Vazquez was the operator of an undercover United States of America Federal Bureau of Investigation vehicle that was parked on Anson Street.

11.  At the same time and place, the motor vehicle operated by Carlos Vazquez, suddenly and without warning, entered the roadway and collided with the motor vehicle

occupied by the plaintiff, Benny Gibson, thereby causing him to suffer the injuries and losses set forth below.

12. The aforementioned collision was caused by the negligence and carelessness of the defendant, United States of America, in one or more of the following ways:

a. in that Carlos Vazquez was inattentive and failed to keep a proper lookout for other vehicles on the road;

b. in that Carlos Vazquez failed to turn or swerve so as to avoid the collision;

c. in that Carlos Vazquez failed to apply the brakes in time to avoid the collision;

d. in that Carlos Vazquez failed to sound the horn or give a timely warning of the impending collision;

e. in that Carlos Vazquez failed to keep the vehicle under proper control;

f. in that Carlos Vazquez was inattentive in the operation of the vehicle;

g. in that Carlos Vazquez failed to follow written policies and procedures when operating an emergency vehicle;

h. in that Carlos Vazquez failed to drive an emergency vehicle with due regard for the safety oof all persons and property when operating an emergency vehicle, in violation of § 14-283(d) of the Connecticut General Statutes;

i. in that Carlos Vazquez operated the vehicle at a rate of speed greater than was reasonable, having due regard to the width, traffic, and use of the highway, road, the intersection of streets and/or weather conditions, in violation of §14-218a of the Connecticut General Statutes;

    j.  in that Carlos Vazquez operated a vehicle so as to obstruct or impede traffic, in violation of § 14-240(b) of the Connecticut General Statutes; and/or

    k.  in that Carlos Vazquez moved the vehicle from a stopped position when it was unsafe to do so, in violation of § 14-243(a) of the Connecticut General Statutes.

13. As a direct result of the collision and carelessness and negligence of the defendant, United States of America, the plaintiff, Benny Gibson, suffered the following serious and painful injuries, some or all of which may be permanent in nature:

    a.  whiplash;

    b.  cervical sprain/strain;

    c.  spinal cord compression from C5-6;

    d.  herniated nucleus pulposus from C5-6 and C6-7;

    e.  cervical radiculopathy;

    f.  neck pain;

    g.  left shoulder tendonitis;

    h.  bilateral shoulder pain;

    i.  left hand pain;

    j.  bilateral intermittent numbness and paresthesia to his fingers;

    k.  lumbar sprain/strain;

    l.  low back pain;

    m.  right lower extremity radiculopathy;

    n.  right leg pain;

    o.  right foot pain; and

      p. pain and suffering, both mental and physical.

14. As a result of the collision, the plaintiff, Benny Gibson, was forced to incur expenses for medical care and treatment and will likely incur additional expenses in the future.

15. As a result of the collision, the plaintiff, Benny Gibson, was unable and remains unable to participate in and enjoy his usual activities.

16. Defendant, United States of America, is liable for personal injury caused by the negligent or wrongful acts and omissions of Carlos Vazquez, as deemed employee of the federal government while acting within the scope of their office or employment pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 1346(b) and 2671 et seq., to the extent the Federal Tort Claims Act constitutes a waiver by the defendant United States of America of the federal government's immunity from liability in tort.

17. Plaintiff timely filed in good faith a Standard Form 95 with the Tort Claims. Special Agent Fred Reeder, Federal Bureau of Investigation, 600 State Street, New Haven, Connecticut, setting forth administrative tort claims directed at defendant, United States of America, with required attachments. Plaintiff's Standard Form 95, with exhibits, is attached to this complaint as Exhibit A and incorporated by reference.

18. As of this date, which is in excess of six months past the filing of said claim, there has been no action taken by the defendant, United States of America.

19. Plaintiff's action against defendant, United States of America, has been timely filed in the United States District Court, District of Connecticut.

WHEREFORE, the plaintiffs claim of defendant, United States of America, damages in the amount of Two Million (2,000,000.00) Dollars each.

THE PLAINTIFFS,
RICHARD M. BLACKWELL AND
BENNY GIBSON

_____
Erica L. Pilicy-Ryan, Esq.
The Flood Law Firm, LLC
190 Washington Street
Middletown, CT 06457
epilicy@thefloodlawfirm.com
Phone: (860) 346-2695
Juris #ct22529

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RICHARD M. BLACKWELL AND BENNY GIBSON, <br>    Plaintiffs <br><br> v. <br><br> THE UNITED STATES OF AMERICA, <br>    Defendant | } } } } } } } } } | Civil Action No. <br><br><br><br><br> September 20, 2022 |

## CERTIFICATION

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated September 20, 2022

                                                    THE PLAINTIFFS,
                                                  RICHARD BLACKWELL AND BENNY GIBSON

                                                  */s/ Erica Pilicy-Ryan/*

                                                  Erica L. Pilicy-Ryan, Esq.   (ct22529)
                                                  The Flood Law Firm, LLC
                                                  190 Washington Street
                                                  Middletown, CT 06457
                                                  epilicy@thefloodlawfirm.com
                                                  Phone: (860) 346-2695